[Cite as *In re Guardianship of Hagedorn*, 2022-Ohio-4198.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE: GUARDIANSHIP OF<br>LAWRENCE A. HAGEDORN | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J.<br><br><br>Case Nos. 2022CA00022 &<br>2022CA00023<br><br><br>O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Stark County Court of<br>Common Pleas, Probate Division, Case<br>Nos. 223592 & 227216 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 23, 2022 |

APPEARANCES:

| | |
|---|---|
| For Appellant | Guardian of the Estate of<br>Lawrence A. Hagedorn |
| ELIZABETH A. BURICK<br>1428 Market Avenue, North<br>Canton, Ohio 44714 | RICHARD R. GUILEY<br>4670 Douglas Circle, N.W.<br>P.O. Box 35697<br>Canton, Ohio 44735-5697 |

*Hoffman, P.J.*

**{¶1}** Appellant Lawrence A. Hagedorn appeals the judgment entered by the Stark County Common Pleas Court, Probate Division, overruling his motion to terminate a guardianship over his estate. Appellee is Richard Guiley, the guardian of Appellant's estate.

STATEMENT OF THE CASE[1]

**{¶2}** On June 22, 2015, Appellant was adjudicated incompetent by the Stark County Probate Court. Appellee was appointed guardian of Appellant's estate on November 16, 2016.

**{¶3}** Appellant filed a motion for a guardianship competency hearing on June 28, 2021. A medical evaluation recommending termination of the guardianship was filed contemporaneously with the motion, and a guardianship review hearing was held before a magistrate. The magistrate recommended Appellant begin a six-month probationary period in order to ascertain if he was capable of managing his affairs without assistance.

**{¶4}** The case came before the trial court for a status conference on January 18, 2022. Based on the evidence presented at the hearing, the trial court found continuation of the guardianship was in Appellant's best interests, and overruled his request to terminate the guardianship via entry filed on January 19, 2022.

**{¶5}** It is from the January 19, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

---

[1] A rendition of the facts is unnecessary to our resolution of this appeal.

I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S REQUEST TO TERMINATE THE GUARDIANSHIP.

II.      THE TRIAL COURT ERRED IN CONDUCTING AN EVIDENTIARY HEARING ON APPELLANT'S COMPETENCY WITHOUT PROPER NOTICE.

**{¶6}**    On February 17, 2022, Appellant filed a praecipe for transmittal of the transcripts of the hearings held on July 14, 2021, and January 18, 2022.  The trial court notified Appellant the recording of the July 14, 2021 hearing was no longer available, and no recording was made of the January 18, 2022 hearing.  Judgment Entry, March 21, 2022.

**{¶7}**    Appellant filed an agreed statement of the record pursuant to App. R. 9(D) with this Court on May 6, 2022.  The App. R. 9(D) statement was signed and approved by Appellee, but not by the trial judge.  App. R. 9(D)(1) states:

In lieu of the record on appeal as defined in division (A) of this rule, the parties, no later than ten days prior to the time for transmission of the record under App.R. 10, may prepare and sign a statement of the case showing how the issues raised in the appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with additions as the trial

court may consider necessary to present fully the issues raised in the appeal, shall be approved by the trial court prior to the time for transmission of the record under App.R. 10 and shall then be certified to the court of appeals as the record on appeal and transmitted to the court of appeals by the clerk of the trial court within the time provided by App.R. 10.

{¶8} The agreed statement of the record in the instant case does not comply with App. R. 9(D)(1). While the statement is signed by the parties, it was not approved by the trial judge, and the record reflects the statement was not filed with the trial court for review. Rather, Appellant filed the statement directly with the clerk of the Court of Appeals without submitting it to the trial court. Thus, the trial court did not review and approve the statement of the record on appeal, and the statement was not certified to this Court as the record on appeal, nor transmitted by the clerk of the trial court, as required by App. R. 9(D)(1). Accordingly, we have no record of what occurred in the trial court properly before this Court upon which to review Appellant's assigned errors. We therefore must presume regularity in the proceedings in the trial court and affirm. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 198, 400 N.E.2d 384, 385 (1980).

**{¶9}** Appellant's assignments of error are overruled.  The judgment of the trial court is affirmed.

By: Hoffman, P.J.

Wise, John, J.  and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY